UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CRYSTAL B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

CASE NO. 3:25-cv-05540-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her application for disability insurance benefits ("DIB").[1] The parties agree the Administrative Law Judge ("ALJ") committed reversible error. However, the parties disagree regarding whether this matter should be remanded for further administrative proceedings or for an award of benefits.

After considering the record, the Court finds there are no outstanding issues that must be resolved and Plaintiff would be found disabled from June 5, 2015, through September 30, 2019,

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

if the improperly rejected evidence were credited as true. Further, exceptional circumstances require a remand for an award of benefits. Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for calculation and award of benefits for the period at issue.

I.    **Factual and Procedural History**

Plaintiff filed a claim for DIB on March 21, 2017, alleging disability beginning on September 1, 2013. Dkts. 8, 9; Administrative Record ("AR") 184–88. She later amended the alleged date of disability onset to June 5, 2015.[2] AR 1651–52. Her date last insured was September 30, 2019. AR 84.

Plaintiff's application was denied at the initial level and on reconsideration. AR 84–114, 117–31. She requested a hearing before an ALJ, which took place on October 17, 2018. AR 37–83, 132–33. Plaintiff was represented by counsel at the hearing. *See* AR 37. On December 19, 2018, the ALJ issued an unfavorable decision denying benefits. AR 12–36. After the Appeals Council denied Plaintiff's request for review, she appealed to this Court. AR 1–6, 181–83, 803–04. On March 24, 2021, the Court found the ALJ erred in evaluating certain medical opinion evidence and lay witness testimony and remanded the case for further administrative proceedings. AR 809–15. In accordance with the Court's order, the Appeals Council vacated the decision and remanded the case to an ALJ. AR 816–21. The case was consolidated with a subsequent claim for DIB that Plaintiff had filed on January 23, 2020. *Id.*

A second hearing took place before a different ALJ on September 14, 2022, and Plaintiff's claim was denied again on October 12, 2022. AR 715–43, 744–71. She appealed to

---

[2] At the 2018 hearing, Plaintiff amended the alleged disability onset date to June 6, 2015. AR 43. However, during the 2024 hearing, Plaintiff's counsel corrected the alleged onset date to June 5, 2015. AR 1651–52. The most recent ALJ decision referenced both dates but confirmed the period at issue was June 5, 2015, to September 30, 2019. *See* AR 1636.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

this Court, which again reversed and remanded for further proceedings on July 5, 2023. AR 1717–26. A third hearing was held on October 21, 2024. AR 1647–87. On April 14, 2025, the ALJ issued a third unfavorable decision denying benefits, finding Plaintiff was not under a disability from the alleged onset date, June 5, 2015, through the date last insured, September 30, 2019. AR 1606–46. Plaintiff appealed the decision to this Court. *See* Dkts. 1, 3.

In the final decision dated April 14, 2025, the ALJ found Plaintiff had the severe impairments of "status post lumbar laminectomy with cyst removal, headaches, bilateral carpal tunnel syndrome (CTS) status post release surgeries, bilateral trochanteric bursitis with mild iliotibial band syndrome, fibromyalgia, morbid obesity, and unspecified depressive disorder versus adjustment disorder with mixed anxiety and depressed mood." AR 1612. Despite these impairments, the ALJ found Plaintiff had the RFC to perform light work as described in 20 C.F.R. § 416.967(b) with certain specified limitations:

> [S]he could stand and walk four hours in an eight-hour day; could occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; could frequently handle and finger bilaterally; could have occasional exposure to extremes of heat and cold, vibration and work hazards, such as dangerous moving machinery and unprotected heights; could perform simple and detailed instructions, but not complex instructions, consistent with reasoning level 3; could have occasional contact with the general public and coworkers; and could perform work involving occasional changes in the work routine and setting.

AR 1615.

## II.    Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

## III.    Discussion

Plaintiff contends the ALJ erred in considering certain medical opinion evidence, lay witness testimony, and Plaintiff's testimony about the severity of her symptoms. Dkt. 14 at 1. She argues the proper remedy for the ALJ's errors is remand for an award of benefits. *Id.* at 18–19. Defendant concedes the ALJ committed reversible error but argues the case should be remanded for further consideration of the medical opinion evidence in the record. Dkt. 20 at 1.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

The Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292; *see also Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The Ninth Circuit has cautioned that "allowing the ALJ to have a mulligan" does not constitute a "useful purpose" for further administrative proceedings. *Garrison*, 759 F.3d at 1021.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

An ALJ's errors are relevant, however, only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore, even if the "credit-as-true" conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021 (citing *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)).

Following the three-step inquiry, the Court finds the "credit-as-true" criteria have been satisfied in this case. First, the parties agree the ALJ harmfully erred in evaluating certain medical opinion evidence. Dkts. 14, 20, 21. Plaintiff challenges the ALJ's consideration of medical opinion evidence from Mark Stevens, M.D., Patricia Sylwester, M.D., and Howard Platter, M.D. Dkt. 14. Defendant concedes the ALJ erred in evaluating medical opinion evidence but does not specify which opinion the ALJ erred in considering. *See* Dkt. 20. However, in arguing for remand rather than award of benefits, Defendant writes:

> The ALJ pointed to evidence contradicting the opinion of Howard Platter, M.D. And the ALJ's decision to give great weight to an opinion from Mark Stevens, M.D., was supported by substantial evidence. Plaintiff's objections to these findings are a dispute about the interpretation of this evidence, which cannot merit remand.

Dkt. 20 at 4–5 (internal citations omitted). Accordingly, by not arguing harmless error on Dr. Sylwester's opinion, Defendant concedes the ALJ harmfully erred in evaluating Dr. Sylwester's opinion. *See Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013) (construing the Commissioner's failure to respond to an argument as a concession that the plaintiff's argument has merit).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

Second, the record for the closed period at issue has been fully developed and there are no outstanding issues that must be resolved before a disability determination can be made. Defendant argues the record contains conflicting evidence, pointing, first, to the ALJ's findings of inconsistencies between Plaintiff's testimony and the medical evidence in the record and, second, to differences in medical opinion evidence. Dkt. 20 at 4–5. But Defendant does not explain what further development of the record would be necessary to resolve any inconsistencies; rather, it appears Defendant's argument is simply that the ALJ should be given a fourth chance to reweigh the existing record. As noted above, "allowing the ALJ to have a mulligan" does not constitute a "useful purpose" for further administrative proceedings. *Garrison*, 759 F.3d at 1021. The ALJ had the opportunity to resolve these outstanding issues but failed to do so. Merely asserting that the record contains differing opinions does not show there are outstanding issues that would be clarified on remand. The ALJ failed to provide legally sufficient reasons for discounting Plaintiff's evidence and should not be given additional opportunities to do so.

Third, it is clear from the record that the ALJ would be required to find Plaintiff disabled if the improperly discounted evidence were credited. Dr. Sylwester performed a physical evaluation and review of Plaintiff's medical records on August 21, 2016. AR 333–38. She opined Plaintiff's maximum standing and walking capacity was less than two hours due to reduced range of motion in her back, right-sided radicular symptoms, and increased pain with standing. AR 337. She found Plaintiff's maximum sitting capacity was up to two hours and noted she would need to be able to change positions as needed for pain. *Id.* As the ALJ noted at the hearing, full-time work requires eight hours of standing, walking, and sitting total in a day. AR 1658; *see also* Social Security Ruling 96-8p, 1996 WL 374184, at *1 (July 2, 1996) ("Ordinarily,

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."). If Dr. Sylwester's opinion were credited, Plaintiff would be capable of less than four hours of standing, walking, and sitting in an eight-hour day, and therefore not capable of full-time work. The ALJ would be required to find Plaintiff disabled. Testimony from a vocational expert regarding the additional limitations opined to by Dr. Sylwester is unnecessary. *See Benecke*, 379 F.3d at 595 (finding remand for an award of benefits appropriate even though vocational expert did not answer a hypothetical regarding precise limitations because further proceedings would contribute to waste and delay).

Further, and in addition to finding all three "credit-as-true" criteria have been satisfied, the Court finds the exceptional facts of this case warrant an award of benefits. As noted above, Plaintiff's claim has been pending for over nine years and her date last insured expired over six years ago. AR 84, 184–88. Three administrative hearings have taken place at which Plaintiff and additional medical experts have given testimony. AR 37–83, 715–43, 1647–87. Three ALJ decisions have now been found defective by this Court, including errors in evaluating Dr. Sylwester's medical opinion by two different ALJs.

To the extent Plaintiff, Plaintiff's family, and Plaintiff's various medical providers will be asked on remand to testify as to the nature and extent of Plaintiff's limitations, the proceedings would appear to be devoid of any useful purpose. The medical opinions, findings, and statements which would be at issue were rendered many years ago and any subsequent medical developments will have little to no bearing on the limited period of disability at issue in this case. *See Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (noting a Court may exercise its

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

discretion to remand a case for an award of benefits "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.") (internal citations and quotations omitted).

Remanding this case for further proceedings strongly resembles the "'heads we win; tails, let's play again' system of disability benefits adjudication" that has been roundly criticized by the Ninth Circuit. *Benecke*, 379 F.3d at 595. The "credit-as-true" test is a "prophylactic measure designed to motivate the Commissioner to ensure that . . . testimony will be carefully assessed and its importance recognized," and to justify "equitable concerns" about the length of time that has elapsed since a claimant filed an application. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (internal citations omitted). Because the Commissioner acknowledged the ALJ decision involved harmful error and failed to rebut Plaintiff's showing that the record was fully developed, the Court finds remand for an award of benefits is appropriate. *See Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (finding exceptional facts warranted benefits where the claimant was 65 years old, had been seeking benefits for over seven years, and had been unable to afford necessary treatment); *Smolen*, 80 F.3d at 1292 (remanding for benefits where the claimant had "already waited over seven years for her disability determination").

In sum, the Court finds the "credit-as-true" test has been satisfied in this case. In addition, the exceptional facts of this case warrant an award of benefits. Accordingly, this case is remanded for calculation and award of benefits for the period from June 5, 2015, through September 30, 2019.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

**IV.    Conclusion**

Based on the foregoing reasons, the Court accepts Defendant's concession that the ALJ improperly concluded Plaintiff was not disabled from the alleged onset date, June 5, 2015, through the date last insured, September 30, 2019. Accordingly, Defendant's decision to deny benefits for this period is reversed, and this matter is remanded for an immediate award of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 28th day of April, 2026.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9